IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-133-JPG** |
| ) | |
| **MIKE GATES, SCOTT MATTHEWS,** ) | |
| **KATHY DAVIS, and KEVIN KOCH,** ) | |
| ) | |
| Defendants. ) | |

**REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. §§636(b)(1)(B)** and **(C)**.

Plaintiff brings suit under 42 U.S.C. §1983. He alleges that his constitutional rights were violated at the St. Clair County Jail when he was there as a pre-trial detainee. He has not been incarcerated since April, 2004, according to the Court's docket sheet.

Plaintiff has failed to obtain service of process on defendants Scott Mathews and Kevin Koch. The original summonses were returned unexecuted, and plaintiff indicated that he had no further information about their whereabouts. Therefore, the Court ordered St. Clair County to provide the United States Marshals Service with their last-known addresses. **See, Doc. 29.** The County did so. **See, Doc. 32.**

St. Clair County's response indicated that it had searched its records and has no information on any employee named Scott Mathews or Kevin Koch. This Court then ordered plaintiff to provide additional information sufficient to allow the Marshals Service to locate and serve the defendants. **See, Doc. 33.** Plaintiff's response was to state that the County must be

1

lying.  **See, Docs. 35 and 36.**

Because plaintiff is proceeding in forma pauperis, the Marshals Service will effectuate service for him, but plaintiff is responsible for providing information that will allow the Marshals Service to identify and locate the defendants.  **Sellers v. U.S., 902 F.2d 598, 602 (7th Cir. 1990)**.  Plaintiff is pro se, but he is not incarcerated.  So far as the record reflects, he has done nothing to try to obtain such information.  The Court notes that defendant Gates, who was employed at the St. Clair County Jail, has entered an appearance.  Plaintiff has apparently not tried to discover the correct names and employment status of Scott Mathews or Kevin Koch from Gates.

"Naming and serving defendants is vital."  **Myles v. U.S., 416 F.3d 551, 552 (7th Cir. 2005).**  It is not the obligation of the Court to serve as counsel or paralegal for plaintiff.  **Id., at 553**.  Nevertheless, the Court has attempted to assist plaintiff in locating these two defendants by ordering St. Clair County to provide their last known addresses.  Without better information from plaintiff as to their correct names and/or locations, the Court and the Marshals Service can do no more to effectuate service upon them.

## Recommendation

For the foregoing reasons, this Court recommends that plaintiff's claims against defendants Scott Mathews and Kevin Koch be dismissed without prejudice for failure to prosecute.

Objections to this Report and Recommendation must be filed by **November 8, 2005.**

**Submitted: October 20, 2005.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

2