IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AARON ROSE,**                                )
                                               )
                         Plaintiff,            )
                                               )
v.                                             )          Civil No. **03-133-JPG**
                                               )
**MIKE GATES, MATTHEW SCOTT,**                 )
**KATHY DAVIS, and KEVIN KOCH,**               )
                                               )
                         Defendants.           )

## <u>REPORT AND RECOMMENDATION</u>

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District

Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Rule 41(b) Motion to Dismiss.  **(Doc. 49)**.  Plaintiff has

not responded to the motion, and the time for doing so has now expired.  Because the record

demonstrates that plaintiff has failed to diligently prosecute his claim, this case should be

dismissed.

Plaintiff Aaron Rose filed this action under 42 U.S.C. §1983, alleging that he was

subjected to excessive force while he was a pretrial detainee at the St. Clair County Jail.

Plaintiff is *pro se*.  He has been incarcerated for only a short time during the pendency of this

suit, and has been out of prison since April, 2004.  **See, Doc. 10**.

Defendants move to dismiss because plaintiff has failed to respond to their written

discovery requests, which were first served in July, 2005.  The Court granted a motion to compel

plaintiff to answer the discovery requests, and ordered him to do so by March 17, 2006.  **See,**

1

**Doc. 45**.  The Court held an in-person status conference with the parties on March 22, 2206, at which time plaintiff admitted he had not answered defendants' discovery requests.  The Court then directed defendants' attorney to sit down with plaintiff in the courtroom and explain what kind of information was sought by each discovery request.  Despite this assistance, plaintiff has still not responded to the discovery requests.

**Fed.R.Civ.P.  37(d)** authorizes the Court to impose sanctions, including dismissal of the action, for failure to respond to discovery requests.

This Court gave Plaintiff the "warning shot" required by ***Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)** in its order of  March 9, 2006, and orally explained to plaintiff on March 22, 2006, that he must respond to the discovery requests or risk dismissal of his case.  The failure to respond to the discovery requests makes it impossible for defendants to prepare for trial.  Plaintiff has failed to diligently prosecute his case.

## <u>Recommendation</u>

For the foregoing reasons, this Court recommends that Defendants' Rule 41(b) Motion to Dismiss **(Doc. 49)** be **GRANTED** and that plaintiff's complaint be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before July 18, 2006.

**Date:  June 28, 2006.**


<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**