IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CV-133-JPG |
| ) | |
| MIKE GATES et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a motion filed by Aaron Rose (Doc. 55). Rose asks the Court to reinstate his action, remove Magistrate Judge Proud from the case and appoint him counsel. For the following reasons, Rose's motion will be **DENIED**.

## BACKGROUND

Rose filed this action in 2003, complaining of the use of excessive force by defendants while he was in the St. Clair County Jail. Judge Proud denied all three of Rose's requests for appointment of counsel, finding each time that Rose failed to show that he had made an effort to get an attorney on his own. In each of his orders (Docs. 18, 25, 50), Judge Proud also found Rose competent to handle his own case.

The Court dismissed this case when it adopted a Report and Recommendation from Judge Proud on defendants' motion to dismiss. As Judge Proud discussed in his R&R, he recommended the dismissal of this action because Rose failed to comply with defendants' discovery requests – though Judge Proud gave him ample opportunity to do so. As the Court noted in its order adopting Judge Proud's R&R, Rose failed to respond to defendants' motion to dismiss and failed to object

-1-

to the R&R.  As a result, the Court dismissed this action with prejudice on August 23, 2006.

## ANALYSIS

Rose asks the Court to reinstate his case because he cannot read and write, Judge Proud failed to appoint him an attorney and "[n]o one helped him."  The Court construes this request as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("[S]ubstantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

In addition to broadly setting forth the procedures for obtaining relief from judgment, Rule 60(b) sets forth six substantive grounds for obtaining that relief.  The two that potentially apply to Rose's request are 60(b)(1) – "mistake, inadvertence, surprise or excusable neglect" – and 60(b)(6), the so-called catch-all provision.

### I.   Mistake, Inadvertence, Surprise or Excusable Neglect

For reasons that will become clear below, the Court will focus on whether Rose's failures in this case were the product of excusable neglect.  At bottom, the decision on whether a party's neglect is excusable is an equitable one, which a court makes after considering all the circumstances in the case.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993).  In some circumstances, a lay party's inability to hire counsel or otherwise communicate with the court may be excusable neglect.  In *United States v. $48,595*, 705 F.2d 909, 912-13 (7th Cir. 1983), for example, the Seventh Circuit held that a combination of circumstances, including the party's imprisonment in a foreign country, lack of counsel, and his misunderstanding of the proceedings amounted to excusable neglect sufficient to merit relief from a default judgment under Rule 60(b).

Considering all the circumstances in this case, the Court finds that Rose's failure to prosecute

this case was not excusable. At first blush, Rose's purported inability to read and write seems to weigh strongly in favor of his motion. Once put into the proper context, however, it does not excuse his conduct. This is the first time, in terms of the written record of this case, that Rose has professed an outright inability to read and write; previously, he has indicated that he has limited abilities in this area. For example, in his response to Judge Proud's order of November 5, 2004, Rose stated, "[he] cannot read or write very well." (Doc. 36). His limited reading and writing skills have not kept him from filing motions and responding to orders entered in this case. (*See, e.g.*, Docs. 27, 28, 35, 36). The documents he has filed in this case suggest some command of written English and there is no indication that Rose did not prepare them himself.

As the Court previously mentioned, Judge Proud recommended the dismissal of this action after Rose failed to respond to the defendants' discovery requests. Even after Rose blew a number of deadlines, Judge Proud gave him additional opportunities; he even held an in-person hearing where he ordered defendants' counsel to explain what information they requested in each discovery request. Nevertheless, Rose failed to respond. He similarly failed to respond to defendants' motion to dismiss and the R&R – after receiving notice of the consequences of failing to object.

Rose's *pro se* status does not excuse his failures to comply with Judge Proud's orders. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). This is especially so because Rose bears full responsibility for not having counsel to represent him. From the outset, he failed to demonstrate the efforts he took, if any, to secure counsel on his own. Judge Proud specifically addressed this failure in his first order denying Rose's motion, which he did not remedy in his second and third motions. Thus, even if Judge Proud erred in evaluating Rose's competency to prosecute his case, his failure to meet this threshold requirement precluded him from appointing counsel. *See Jackson*

*v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Even now, Rose has failed to demonstrate his efforts to obtain counsel in any meaningful way.

Given this state of affairs, Rose cannot suggest that he did not understand the consequences of his failures. When this understanding is coupled with his demonstrated ability to respond to orders (such as it was) and the fact that he received notice of all the filings in this case, it is clear that his failures to respond to discovery, to respond to defendants' motion to dismiss and to object to the R&R were not the product of neglect, but of willfulness. Because they were willful, they cannot amount to excusable neglect, or to mistake, inadvertence or surprise. *See McCormick v. City of Chicago*, 230 F.3d 319, 327-28 (7th Cir. 2000).

**II.     Rule 60(b)(6)**

Under Rule 60(b)(6), a party can obtain relief from judgment for "any other reason justifying relief from the operation of the judgment." As the Court already alluded, it appears that Rose bases his argument for vacatur of the judgment on excusable neglect. Because Rules 60(b)(1) and 60(b)(6) are mutually exclusive, *see Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006), relief under Rule 60(b)(6) is probably unavailable to Rose. Assuming, however, that the basis of Rose's motion is not excusable neglect, but some other unspecified ground, the Court does not believe the circumstances of this case are sufficient to merit relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is only appropriate "when the circumstances of its invocation are extraordinary." *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir. 2004) (internal quotation marks omitted). Given the Court's conclusions related to Rule 60(b)(1), Rose cannot demonstrate the extraordinary circumstances necessary to obtain relief pursuant to Rule 60(b)(6).

In those instances where a Rule 60(b) motion "puts to a court a question without a right

answer," the Seventh Circuit advises weighing "the value of finality, the probability that an error affected the outcome of the proceeding, the probability that a second go-round would produce a 'better outcome,' [and] the costs of that second proceeding to the parties (and ultimately to society as the finality of judgments is undercut.)" *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985). Here, the Court does not believe it is in a situation without a right answer. Rose is in this position because he failed to comply with the rules governing discovery and failed to follow court orders – he is completely at fault. Cases like this one, "those replete with inexcusable delay and numerous unjustified violations of the court's orders, " "fully support" the denial of relief under Rule 60(b)(6). *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 681 (11th Cir. 1984); *see generally* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶60.48[3][b] & [c] (Matthew Bender 3d ed.). As Rose is not entitled to relief under Rule 60 and this case remains closed, the Court will not address his request for counsel or for the removal of Judge Proud.

## CONCLUSION

Rose's motion (Doc. 55) is **DENIED**.

**IT IS SO ORDERED**
**DATED: January 31, 2007**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **U.S. District Judge**